## Commonwealth v. Heydt

*L. Ehrman Meyer*, for Commonwealth.

*C. T. Hickernell* and *B. Hoffman*, for defendant.

EHRGOOD, P. J., April 6, 1943.—H. G. Heydt, defendant, was indicted to nos. 59, 60, and 61, December sessions, 1941, on a charge of unlawful practice of the law. These three cases, together with prosecutions brought against the said defendant to nos. 62 and 63, December sessions, 1941, were tried together before the same jury, and defendant was found guilty on the five indictments. After his conviction, his counsel filed a motion for a new trial and in arrest of judgment alleging the following reasons:

"1. The verdict was against the evidence.

"2. The verdict was against the weight of the evidence.

"3. The verdict was against the law.

"4. The refusal of the court to affirm all of the defendant's points."

The indictment in this case charged that defendant, being a person not a member of the bar of a court of record of the Commonwealth of Pennsylvania, did wilfully and unlawfully practice law within the County of Lebanon in that he did advise one Oliver H. Ginn in certain legal matters, and did prepare a statement of claim thereafter filed in the Court of Common Pleas of Lebanon County in the matter of Oliver H. Ginn, trading as Enterprise Novelty Company v. Chris C. Thomas, trading as Green Terrace Restaurant, entered to no. 31, September term, 1941. The Act of July 12, 1935, P. L. 708, sec. 1, provides as follows: ". . . any person who shall practice law, within this Commonwealth, without being a member of the Bar of a Court of Record, shall be guilty of a misdemeanor . . ."

Defendant was a duly-elected and qualified justice of the peace, with an office for doing business in the Borough of Cleona, Lebanon County, Pa., and was also the owner and proprietor of a collection agency, conducting a business in the City of Lebanon, Lebanon County, under the name of Heydt Protective Agency. He was not a member of the bar of any court of record in the Commonwealth of Pennsylvania, or elsewhere. At the trial, he did not take the witness stand nor testify in his own behalf. The record indicates that defendant sometime prior to October 14, 1941, arranged with James L. Atkins, Esq., an attorney of the Lebanon County Bar, for the purpose of having Mr. Atkins represent Oliver H. Ginn, trading as Enterprise Novelty Company, in the matter of an appeal taken to the Court of Common Pleas of Lebanon County from a judgment rendered by H. G. Heydt, as a justice of the peace, in a suit brought on a book account by Enterprise Novelty Company v. Chris C. Thomas, trading as Green Terrace Restaurant. After the appeal was

taken by Thomas, Mr. Ginn arranged with defendant to secure an attorney to represent him. The Commonwealth offered in evidence exhibits 6 and 7, exhibit 6 being plaintiff's statement of claim filed in the Court of Common Pleas of Lebanon County to no. 31, September term, 1941, and containing an affidavit of service of the statement endorsed on the back of the legal cover taken by one Mary C. Dayton; and exhibit 7 being a copy of said plaintiff's statement. Mr. Atkins testified that defendant, Heydt, had retained him on behalf of Ginn and that he received a retainer; that defendant furnished him with the four typewritten pages which constituted plaintiff's statement of claim, pages 1 and 2 of which were the statement of claim stating plaintiff's cause of action, page 3 was the affidavit of Ginn to the statement of claim, and page 4 was an exhibit of plaintiff's book account, all of which had been prepared by defendant. Mr. Atkins corrected the spelling of the word "restaurant" on page 1 of the statement, and added paragraphs 5 and 6. Thereafter he bound the four pages in one of his legal covers and had typewritten thereon the name and title of the case, and notice to the defendant to file an affidavit of defense. The documents and this statement were then turned over to Mr. Heydt without the affidavit of service having been prepared by him. Later defendant returned the original statement of claim and the copy, with the affidavit of service endorsed thereon. The affidavit of service of the statement was taken by Mary C. Dayton before defendant, as justice of the peace, and the affidavit was prepared by the said defendant, as justice of the peace. The statement of claim and copy were returned to Mr. Atkins by defendant, together with the retainer, after they had been executed, and the affidavit of service endorsed thereon, on the original, whereupon Mr. Atkins filed them in the prothonotary's office of Lebanon County. Up to this time Mr. Atkins had not seen Mr. Ginn.

The Commonwealth contended that the preparation of the portion of the statement of claim, the affidavit attached thereto, and the copy of the book account attached thereto, the preparation and service of the affidavit of service on defendant by the defendant, and the supervision of the service of the statement of claim by defendant, constituted practicing law. This was a question of fact to be determined by the jury, under proper instructions of the court as to the law relating thereto. The learned trial court, Hon. C. V. Henry, in his charge to the jury, with reference to the three prosecutions charging unlawful practice of the law, fully charged the jury with reference to the requirements of the Practice Act in Pennsylvania relating to the preparation and service of statements of claim. The trial court further charged the jury that the preparing of statements of claim is a legal act, an act to be done by an attorney, and that statements of claim should not be done by individuals who are not admitted to practice law unless drawn under the supervision and direction of an attorney, and further left for the determination of the jury whether the statement of claim in this case was drawn at the suggestion and direction of the attorney, Mr. Atkins, or whether it was drawn in advance and submitted to the attorney by defendant. The verdict of the jury is conclusive that the jury found that defendant drew the statement of claim and the affidavit of service. Therefore, the legal question for determination is whether the preparation of a statement of claim in an action of assumpsit on a book account, including the affidavit thereto, the necessary exhibit containing a copy of the book account, the supervision of the legal service thereof, and the preparation of the affidavit of service on the defendant, by a person not a member of the bar of a court of record in Pennsylvania, constitutes the unlawful practice of the law.

Mr. Justice Stern, in Shortz et al. v. Farrell, 327 Pa. 81, at p. 84, states the following:

"There is no need for present purposes to venture upon a comprehensive survey of the boundaries—necessarily somewhat obscure—which limit the practice of law. An attempt to formulate a precise definition would be more likely to invite criticism than to achieve clarity. We know, however, that when a lawyer has, through patient years of study, acquired an understanding of the law and obtained a license to engage in its practice, he applies his knowledge in three principal domains of professional activity:

"1. He instructs and advises clients in regard to the law, so that they may properly pursue their affairs and be informed as to their rights and obligations.

"2. He prepares for clients documents requiring familiarity with legal principles beyond the ken of the ordinary layman,—for example, wills and such contracts as are not of a routine nature."

In In re Duncan, 83 S. C. 186, 24 L. R. A. (N. S.) 750, cited with approval by Mr. Chief Justice Frazier in Childs et al. v. Smeltzer, 315 Pa. 9, 13, it was held:

"According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients, and all action taken for them in matters connected with the law."

Counsel for defendant contends that defendant was not guilty of practicing law in drafting statements of claim because:

"a. Approval of the statement by a licensed attorney made the statement the attorney's, and fully protected the public."

As heretofore stated, the question of fact, as to whether the statement of claim which was prepared in this prosecution was the statement of claim drawn by this defendant, or was actually a statement of claim of the attorney of record, was submitted to the jury, and the verdict is conclusive of the fact that defendant drew and prepared the statement of claim.

"b. The proof of the drafting of two statements is hardly enough to show a course of conduct for the habitual drafting of legal instruments."

In the trial of the case, three of the prosecutions which were tried together charged unlawful practice of the law in that defendant drew three statements of claim in proceedings instituted in the Court of Common Pleas of Lebanon County. While this court is not convinced that it is incumbent upon the Commonwealth, under the Act of 1935, to prove a course of conduct or a holding out to the public as a person engaged in the practice of the law, under the facts and circumstances in this case, the jury could infer such unlawful course of conduct.

"c. The drafting of the statement was in the course of defendant's collection business."

Defendant has submitted legal authorities that the preparation of deeds and mortgages, and other contracts by real estate brokers, so long as the papers involved pertain to and grow out of a business transaction and are intimately connected therewith, is considered a necessary concomitant of such business and cannot be considered unlawful practice; and further, that a layman may prepare pleadings in a workman's compensation case in Pennsylvania. These cases are decided on the theory that no legal skill is required in the preparation of such documents, and that the documents drawn are a necessary and integral part of the business of the person preparing such documents. It is the opinion of this court, however, that the draw-

ing of statements of claim is not a necessary and integral part of the business of a collection agency.

"d. The drafting of statements of claim and book accounts is so simple as not to require any legal skill and constitutes the filling in of stereotyped forms with factual material."

We cannot subscribe to this proposition. The preparation of statements of claim, whether the cause of action is on a book account or other legal matter, is regulated by the provision of the Practice Act, and in the opinion of this court requires the professional skill and attention of an attorney at law. Their preparation requires knowledge as to form, and also as to legal substance. Plaintiff is bound by the allegations contained in his statement of claim in the trial of his action, and the production of evidence to make out his case is limited to the allegations of his cause of action contained in the statement of claim. While the technical requirements of common-law pleading are no longer in force in Pennsylvania, the lower court and appellate court decisions are full of cases relating to improper pleadings filed on behalf of clients.

It appears to this court, from the evidence produced at the trial, that defendant first became identified with the claim of Enterprise Novelty Company v. Green Terrace Restaurant in his capacity of operating a collection agency. When he was unable to make collection in this capacity, he proceeded to sit in judgment on a suit brought before him, as justice of the peace, and rendered a judgment in favor of the claim in which he had a prior personal interest, as a collection agency. This conduct, to say the least, is unethical and reprehensible. After appeal was taken to the court of common pleas, the testimony further indicates that he not only advised Mr. Ginn as to the legal procedure to be followed under the circumstances, but was in the active control and management of the proceeding in the court of common pleas, not only in drafting and preparing

a statement of claim to be used, but all the other legal matters relating to the manner of service, as required by the act of assembly, and making return of the same, whereby all the preliminary legal requirements before the actual trial of the case were assumed to be performed by him. It is undoubtedly true that the impelling reason for the enactment of the Act of 1935, under which the prosecution was brought, was to protect the public in the performance of legal matters. It is apparent that defendant, in his conduct of a collection agency, and as a justice of the peace, secured a smattering of knowledge of legal matters relating to this type of case, but as has been so aptly said "the knowledge of a smatterer is diluted ignorance".

It therefore appears to this court that there was ample evidence submitted by the Commonwealth to sustain the verdict of the jury, and that the jury was properly instructed by the learned trial court as to the matters of law involved therein.

There being no legal defects apparent on the face of the record, the motion in arrest of judgment must be overruled.

When a person, acting as a collection agency, becomes active in the management and control of the litigation of civil claims in the court of common pleas, in the opinion of this court, he engages in the practice of the law in violation of the Act of 1935. Therefore, the first three reasons assigned in the motion for a new trial must be refused.

Counsel for defendant also urge the fourth reason, "the refusal of the court to affirm all of defendant's points". No exception was taken by counsel to the court's qualified affirmance of defendant's points submitted prior to the withdrawal of the jury. The two points for charge submitted to the court relating to the prosecutions charging unlawful practice of the law relate to the legal effect to be given to two powers of attorney which were introduced into evidence on behalf

of defendant. Neither of the powers of attorney was executed by Mr. Ginn and they can have no relation to this proceeding. Furthermore, the trial court in its charge to the jury fully covered the legal effect to be given by the jury to the powers of attorney in the prosecutions to which they related.

And now, to wit, April 6, 1943, the motion in arrest of judgment, and the motion for a new trial in this proceeding are hereby overruled, and judgment is directed to be entered on the verdict of the jury, with leave to the district attorney to move for sentence.